UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE GHOLSTON,

    Plaintiff,

v.                                                        Case No. 12-11074

KEVIN BAUR, JEFFREY TYLUTKI,
BRADFORD VINCENT, FNU JOHNSON,           HON. AVERN COHN
and FNU JOHANSEN,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION (Doc. 49)**

**I. INTRODUCTION**

This is a police brutality 42 U.S.C. § 1983 case. Plaintiff Maurice Gholston (Gholston) is suing Wayne County Airport Authority ("WCAA") police officers, Defendants Kevin Baur (Baur), Jeffrey Tylutki (Tylutki), Bradford Vincent (Vincent), FNU Johnson (Johnson), and FNU Johansen (Johansen) (collectively, "Defendants"), arising out of his being tased and arrested at the McDonald's restaurant at the Wayne County Airport, where he was an employee. Gholston's complaint is in two counts:

    Count I:     Excessive Force

    Count II:    Deliberate Indifference

On July 26, 2013, the Court entered a memorandum and order granting in part and denying in part Defendants' motions for summary judgment (Doc. 48). Particularly, the

Court found that genuine issues of material fact prevented summary judgment on count I, the excessive force claim, and dismissed count II, the deliberate indifference claim. Now before the Court is Defendants' motion for reconsideration (Doc. 49). For the reasons that follow, the motion is DENIED.

## II. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Defendants' motion is timely.

No response or oral argument is allowed on a motion for reconsideration unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## III. DISCUSSION

Count I of the complaint, excessive force, is premised on three different arguments: (1) that Gholston's handcuffs were not loosened despite his continued pleas; (2) that Defendants slammed Gholston's face on the ground; and (3) that Gholston was

unnecessarily tased numerous times. The Court found genuine issues of material fact regarding all three bases for the excessive force claim. Defendants seek reconsideration.

**A. The Handcuffing Claim**

Defendants first argue that the Court erred in finding genuine issues of material fact regarding the handcuffing claim. The Court disagrees. As explained in the memorandum order, the parties offer different scenarios about the tightness of the handcuffs. Defendants say that Gholston complained about the handcuffs being on too tight; in response, Baur loosened the handcuffs. Gholston, however, says that the handcuffs were never loosened despite his continued complaints. In support of Gholston's opposition to Defendants' motions for summary judgment, he provided photographs showing skin marks on his wrists from the handcuffs. Gholston's testimony and the photographs create a genuine issue of material fact that must be resolved by a jury.

Further, the Court did not err in denying Defendants qualified immunity on the handcuffing claim. If a jury accepts Gholston's version of events, Defendants ignored Gholston's continued pleas to loosen the handcuffs despite the handcuffs being on tight enough to injure Gholston's wrists.

**B. The Face Slamming Claim**

Next, Defendants argue that the Court erred in finding genuine issues of material fact regarding the face slamming claim. Defendants say that, because Gholston did not present evidence that he suffered trauma to his face, no reasonable jury can conclude that his face was slammed to the ground. Defendants are mistaken. As explained in the memorandum and order, Gholston's testimony that his face was slammed to the ground,

3

coupled with the fact that he chipped a tooth, creates a genuine issue of material fact whether his head was slammed to the ground. This issue requires resolution by a jury.

### C. The Tasing Claim

Finally, Defendants say that the Court erred in finding genuine issues of material fact regarding the tasing claim. Defendants say the record as a whole clearly shows that Gholston was not complying with their instructions. As explained in the memorandum and order, however, this issue requires weighing credibility of testimony which is reserved for a jury. The parties offer two completely different versions of events, both of which are plausible.

### IV. CONCLUSION

For the reasons stated above, reconsideration was denied. Defendants do not point to a palpable defect that misled the Court. Instead, Defendants rehash the arguments they made in their motions for summary judgment.

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: August 13, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 13, 2013, by electronic and/or ordinary mail.

                                          S/Sakne Chami
                                          Case Manager, (313) 234-5160